IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VELMA FLOYD,

    PLAINTIFF,

v.                                          CASE NO.:

THE ARC GATEWAY, INC.

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Velma Floyd, (hereinafter referred to as the "Plaintiff" or "Floyd"), by and through her undersigned attorney, sues the Defendant, The ACR Gateway, Inc. (hereinafter referred to as the "Defendant" or "Gateway"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for age and disability discrimination in the terms and conditions of her employment in violation of the Age Discrimination in Employment Act of 1967 (ADEA), and Florida Private Sector Whistle-Blower's Act ("FPWA"), §§ 448.101 – 448.105, Florida Statutes.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331.

1

3. This action lies in the Northern District of Florida, Pensacola Division, because the unlawful employment practices were committed in this judicial district.

4. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On April 8, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 2021129041) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100453). On October 4, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received on December 15, 2021.

## PARTIES

5. Plaintiff is a citizen of the State of Florida who resides in Pensacola, Florida.

6. Defendant, The ARC Gateway Inc., is a 503(c)(3) business that is licensed to do and does business in the State of Florida, Escambia, County.

## FACTS

7. Plaintiff is a 67 year old African American female.

8. Plaintiff was employed by Defendant, The ARC Gateway Inc., in Pensacola, Florida as a Group Home Assistant.

9. During Plaintiff's roughly (10) ten years with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

10. In November of 2020, Plaintiff began being the victim of work place discrimination and retaliation due to her Age.

11. As a sixty-seven (67) year old employee Plaintiff could tell that the attitude towards her was noticeably different than other employees of her same position that were significantly younger.

12. Discriminatory comments were regularly made towards her concerning her age and ability to perform her job duties.

13. Defendant treated Plaintiff's younger less qualified co-workers more favorably than her.

14. Defendant had an anti-discrimination policy through which reported this discrimination to administration and her direct supervisor.

15. After Plaintiff's reporting, nothing was ever done by Defendant.

16. It was during this time that Plaintiff also reported the falsification of the Potosi Group Home residential habilitation training logs.

17. Defendant, being a residential habilitation service provider, Defendant bills and is reimbursed by the State of Florida, Agency for Persons with

Disabilities (APD).

18. Defendant is paid by the state by completing residential habilitation goals.

19. Defendant's billing is competed by their residential habilitation training logs.

20. When Defendant is audited by APD or any other auditing agency and the residential habilitation training sheets are not correct, Defendant has to pay back the money that was billed.

21. Defendant's own website states that reimbursement rates for services provided by the state of Florida are among the lowest in our nation.

22. During a meeting about the residential habilitation training logs both Rebecca and Rod encouraged staff to falsify the training records.

23. Staffers were told by Rebecca and Rod that there is nothing wrong with signing off on a training done by another staff or falsifying training records.

24. When Plaintiff questioned doing that, Rebecca "pushed back."

25. Rod maintained his position; he implied that doing so was the concept of "team work."

26. Plaintiff disagreed with this and maintained the position that it is not okay to document the training logs in that way or to otherwise falsify them in any way.

27. Plaintiff reported that Rebecca Baron, Rod Potter, and Xavier Smith engaged in misconduct by falsifying and or instructing staffers to falsify training records.

28. After having reported the falsification of the training logs, Plaintiff was retaliated against and ultimately terminated within a short time after having objected to and reported this illegal activity.

29. On February 2, 2021, Plaintiff was notified that her employment with Defendant was being terminated.

FIRST CAUSE OF ACTION
*Age Discrimination in Employment Act ("ADEA")*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 10 and 15 through 29 of this complaint with the same force and effect as if set forth herein.

31. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

32. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

33. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than 20 employees.

34. Plaintiff is a 67 year old African American female.

35. Throughout Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

36. At the time of her termination, Plaintiff was the oldest (67), most senior and experienced of all the group home assistants.

37. Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of her age.

38. As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate against Plaintiff because of her age and therefore Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and is entitled to recovery of reasonable attorney's fees and costs pursuant to Age Discrimination in Employment Act (ADEA).

40. Plaintiff further requests and is entitled to any and all other relief permitted under the Age Discrimination in Employment Act (ADEA), including equitable relief.

## SECOND CAUSE OF ACTION
*Retaliation - Age Discrimination in Employment Act ("ADEA")*

41. Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 4 through 15 and 29 of this complaint with the same force and effect as if set forth herein.

42. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

43. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

44. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than 20 employees.

45. Plaintiff is a 67 year old African American female.

46. Throughout Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

47. At the time of her termination, Plaintiff was the oldest (67), most senior and experienced of all the group home assistants.

48. Plaintiff reported the age discrimination to Defendant, and nothing was done.

49. With a few months of having engaged in this protective activity, Plaintiff's employment with Defendant was terminated.

50. Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of her age.

51. As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate against Plaintiff because of her age and therefore Plaintiff is entitled to liquidated damages.

52. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and is entitled to recovery of reasonable attorney's fees and costs pursuant to Age Discrimination in Employment Act (ADEA).

53. Plaintiff further requests and is entitled to any and all other relief permitted under the Age Discrimination in Employment Act (ADEA), including equitable relief.

### THIRD CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

54. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 15 and 29 of this complaint with the same force and effect as if set forth herein.

55. This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

56. At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

57. At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

58. Most recently, Plaintiff was employed as a group home assistant and she was qualified for the position.

59. During her employment, Plaintiff reported and objected to Defendant's management and corporate human resources the fraudulent and intentional falsification of Defendant's residential habilitation training logs.

60. After Plaintiff's reporting's and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, Defendant's management harassed and retaliated against Plaintiff resulting in her terminated on February 2, 2021.

61. There was no substantive or reasonable business justification for the termination of Plaintiff's employment, she had not been previously warned of a deficient job performance.

62. Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely ADEA, the Florida Civil Rights Act and fraud, waste and abuse of a state agency, APD.

63. Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated with a couple weeks of her initial reporting of the physical assaults and sexual harassment and after her continued objections to the Defendant regarding his hiring and the multiple acts of sexual and other harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

64. There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

65. The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

66. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

67. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

68. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

69. Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the ADEA and Florida Private Sector Whistleblower Act;

b) Enjoining and permanently restraining those violations of the ADEA and Florida Private Sector Whistleblower Act "FWBA";

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment

opportunities;

  d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the FWBA and ADEA;

  e) Awarding compensatory damages in the amount of the above-requested award, pursuant to the FWBA;

  f) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADEA and FWBA;

  g) Awarding liquidated damages in the amount of the above-requested award, pursuant to ADEA;

  h) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADEA, FWBA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

  i) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,

Plaintiff demands a trial by jury in this action.

    Dated: March 7, 2022.                By: */s/ Clayton M. Connors*
                                                      CLAYTON M. CONNORS
                                                      Florida Bar No.: 0095553
                                                      Email: cmc@westconlaw.com
                                                      **THE LAW OFFICES OF**
                                                      **CLAYTON M. CONNORS, LLC.**
                                                      4400 Bayou Blvd., Suite 32A
                                                      Pensacola, Florida 32503
                                                      Tel:  (850) 473-0401
                                                      Fax: (850) 473-1388
                                                      Attorney for Plaintiff